In the Matter of the Application of HENRY C. FAGAL, Individually
and as Mayor of the City of Schenectady, Petitioner, for an
Order of Prohibition against the PUBLIC SERVICE COMMISSION,
STATE DIVISION, OF THE STATE OF NEW YORK and the SCHEN-
ECTADY RAILWAY COMPANY.

Supreme Court, Albany County, February 4, 1928.

Street railways — fares — proceedings to restrain Public Service Com-
mission from proceeding further under petition by Schenectady Railway
Company under Public Service Commission Law, § 49, subd. 1, and
Railroad Law, § 181, to increase fares — early franchises covering about
two and one-half miles out of thirty-nine and one-half miles now
operated restricted fares to five cents — policy of State and city sub-
sequently changed and franchises later granted subject to Railroad
Law, article V — Public Service Commission has power to proceed.

This is a proceeding to restrain the Public Service Commission from further pro-
ceeding under a petition by the Schenectady Railway Company made under
subdivision 1 of section 49 of the Public Service Commission Law and section
181 of the Railroad Law, for permission to increase passenger fares.  About
two and one-half miles out of thirty-nine and one-half miles of trackage is
operated under early franchises which fixed the rate of fare at five cents.  The
remaining trackage is operated under franchises which were granted subject to
the present article V of the Railroad Law following a change of policy by the State
and the city.   Under that provision the Public Service Commission has the power
to determine the rates to be charged.

The Public Service Commission has the power to determine the rates to be charged
by the Schenectady Railway Company notwithstanding the earlier franchises
limit the fare to five cents.

PROCEEDING for an order of prohibition.

*Carleton H. Lewis, Corporation Counsel,* for the petitioners.

*Charles G. Blakeslee* [*Russell B. Burnside* of counsel], for the
Public Service Commission.

*Daniel Naylon* [*Chatfield T. Bates* and *John E. MacLean* of coun-
sel], for the Schenectady Railway Company.

CRAPSER, J.  This is a special proceeding brought by the city
of Schenectady for an order of prohibition directed to the Public
Service Commission and the Schenectady Railway Company
commanding them to refrain from any further proceeding in the
matter of the petition made to the Commission by the company
under subdivision 1, section 49 of the Public Service Commission
Law (as amd. by Laws of 1923, chap. 891) and section 181 of the
Railroad Law for permission to increase passenger fares on the
Schenectady Railway Company's lines in the city of Schenectady

and for permission, under section 29 of the Public Service Commission Law (as amd. by Laws of 1921, chap. 134), to put in effect on short notice such proposed increased rates of fare.

On December 8, 1927, the Public Service Commission had before it this problem:

The Schenectady Railway Company was operating a street surface railroad system in the city of Schenectady and adjacent territory, all of which is within the jurisdiction of the Commission. That company's complaint alleged, in substance, that its existing rates were unjust and unreasonable; that the revenue derived therefrom was insufficient to yield reasonable compensation for the service rendered, and that, in fact, a continuation of operation under such rates would result in the taking of its property without due process of law and for public use without just compensation, contrary to the Constitution of the United States and the Fourteenth Amendment thereof, and prayed that the Commission investigate and determine the facts and prescribe such rates as should be just and reasonable. The subject-matter generally was within its jurisdiction. On the other hand, the city of Schenectady contended, not that the Commission was without jurisdiction generally with respect to the rates of fare of street railroad corporations, but specifically that because of the provisions of certain franchises granted the company by said city, the Commission was without jurisdiction. The conflicting interests had submitted a map of the company's system in the city of Schenectady and an agreed statement of facts setting forth the terms and conditions under which the company was operating in the city of Schenectady so far as concerns the question of rates of fare.

Briefly summarized, the facts as they appeared from the map and the agreed statement of facts are that the company is operating in the city of Schenectady approximately thirty-nine and one-half miles of line; approximately two and one-half miles of the system were constructed under franchise grants made upon condition that the rate of fare should not exceed five cents; and approximately thirty-seven miles of line are being operated under franchise grants in which the power of the State to regulate was not only recognized but which expressly provide " that the provisions of article IV [later article V] of the Railroad Law pertinent thereto, shall be complied with."

It further appears that, in all, four franchises had been granted in which the five-cent fare restriction was imposed as a condition; that the first of these was granted March 19, 1886, and the last in August, 1896.

It appears that the policy of the State had, on May 1, 1891, been changed and that since that time the Legislature has expressly reserved the right to regulate the rate of fare and that subsequently, the Public Service Commissions having been established, such Commissions have been vested with the same power " to be exercised as prescribed in the Public Service Commission Law."

It further appears that on April 27, 1899, the city of Schenectady had changed its policy with respect to the granting of franchise rights to the Schenectady Railway Company by inserting as a condition not the five-cent fare restriction but the express condition " that the provisions of article IV [later article V] of the Railroad Law pertinent thereto, shall be complied with."

In May, 1918, the Schenectady Railway Company, apparently then of the opinion that certain portions of its route were being operated under franchise agreements to which the State's power of regulation did not apply, addressed a communication to the city of Schenectady expressing such opinion as to " certain tracks which were laid and now operated under franchise granted by your honorable body, containing the following clause: ' The rate of fare shall not exceed five cents for each   *   *   * ' over the road in question, and the Public Service Commission is therefore without jurisdiction in these cases," calling attention to its increased operating costs and need for additional revenue, and asking the city to waive or amend the five-cent fare clause in our old franchises so as to permit us to present to the Public Service Commission all facts and circumstances which in our judgment warrant an advance in rate of fare   *   *   *," and that the city of Schenectady, apparently then concurring in the same opinion, adopted an ordinance consenting to an increase " from five cents to six cents only in the fare which may be charged by the Schenectady Railway Company in the zones within the city limits where five cents is now charged," and that on May 24, 1920, the common council passed another ordinance of like nature consenting to an increase in the rate to seven cents for a period of one year.

It was certainly necessary for the Commission to take some action. Under the provisions of law under which it functions in such cases it must determine in the light of the construction placed upon that law by the courts of this State whether the five-cent fare restriction in the four franchises first granted precluded it from exercising jurisdiction as to the two and forty-four one-hundredths miles of line constructed and now being operated under such franchise.

In *Matter of Evens* v. *Public Service Commission* (214 App. Div. 122; affd., 246 N. Y. 224) the relief sought was a writ of prohibition against the Public Service Commission, impleaded with William

G. Phelps, as receiver of the Binghamton Railway Company. The receiver of the railway company had complained to the Commission against the rates of fare then being charged on the lines operated by the Binghamton Railway Company and had prayed for increased rates. The allegations and relief sought differ only in unessential details from the allegations and relief sought by the Schenectady Railway Company in its proceeding brought before the Commission. Harry H. Evens, individually and as comptroller of the city of Binghamton, and another sought to prohibit the Commission from acting on the complaint because of a lack of jurisdiction on account of certain franchise restrictions. In that case the court decided that the Commission had jurisdiction to determine how much a passenger shall pay to ride upon the cars. That case is in all respects similar to the case under consideration and is the latest law upon the subject, and settles, in my mind, absolutely the question of the right of the Public Service Commission to determine how much the Schenectady Railway Company shall charge, and the petitioner's application for an order of prohibition is denied.

Submit order accordingly.